IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| CASSANDRA HARRISON BELK, )<br>BEVERLY JEAN HARRISON, )<br>CYNTHIA DOLLARD, MARIA )<br>MOANEY, )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>  )<br>  )<br>ROCKHAVEN COMMUNITY )<br>CARE HOME, INC., AND )<br>RICHIE D. BARNES, )<br>  )<br>Defendants. )<br>_____ ) | Civil Action No. 3:07-54-CMC-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiffs against the Defendants under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq.. The Defendant Barnes filed a pro se answer to the Complaint on February 2, 2007. Plaintiffs thereafter filed a motion for default judgment against the corporate Defendant on March 20, 2007, asserting that the corporate Defendant had not filed a responsive pleading.

A review of Barnes' answer shows that this Defendant apparently intended for his answer to also be on behalf of the Defendant Rockhaven Community Care Home, Inc. However, "[i]t has been the law for the better part of two centuries, that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993). In other words, the corporate Defendant may not proceed pro se, as it apparently is attempting to do. Therefore, the undersigned issued an order on March 2, 2007 requiring that the

corporate Defendant have counsel make an appearance on its behalf, and further placing the Defendant on notice that a failure to do so may lead to a default being entered.

No such appearance by counsel was entered within the deadline set forth in the Court's order. Rather than proceed with entry of default at that time, however, the Court set a status conference for April 24, 2007. At that status conference, the Defendant Barnes appeared and advised the Court that he was the shareholder of the corporate Defendant. Barnes was again advised that a corporate Defendant must be represented by counsel, and the Defendant was granted a further extension, until May 25, 2007, to have counsel enter an appearance on the company's behalf.

That extension has now expired, with no counsel again having made an appearance, and by letter dated May 31, 2007, Plaintiffs' counsel asked that Plaintiffs' motion for default be granted. Both the Defendant Barnes and the corporate Defendant are shown as being carbon copied on that letter; however, to date no communication has been received from either Defendant.

Based on the foregoing, the undersigned has no choice but to recommend that the Plaintiffs' motion for default judgment against the corporate Defendant be **granted**. Rowland, 506 U.S. 201-202; Lattanzio v. Comta, 481 F.3d 137, 139-140 (2d Cir. 2007). The Clerk is directed to mail a copy of this Report and Recommendation to the Defendant Barnes at his address, as well as to the corporate Defendant at the address shown on the service receipt filed in this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
July **12**, 2007

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).