IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CASSANDRA HARRISON BELK,           )
BEVERLY JEAN HARRISON,             )
CYNTHIA DOLLARD,                   )
MARIA MOANEY,                      )
                                   )
                Plaintiffs,        )        C/A No. 3:07-54-CMC-BM
                                   )
        v.                         )        OPINION AND ORDER
                                   )
ROCK HAVEN COMMUNITY CARE HOME,    )
INC., AND RICHIE D. BARNES,        )
                                   )
                Defendants.        )
_____)

This matter was filed by Plaintiffs against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* It is presently before the court on Plaintiffs' motion for entry of default judgment against the corporate Defendant, Rock Haven Community Care Home, Inc.

In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial proceedings. Judge Marchant issued a Report and Recommendation ("Report") on July 12, 2007, recommending that default judgment be entered against the corporate Defendant because it had failed to appear through counsel despite notice of that requirement and repeated opportunities to cure the default. The Report was accompanied by a notice advising Defendants of their opportunity to object.

This court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Defendant Richie D. Barnes ("Barnes") has filed an objection to the Report, purporting to speak on behalf of the corporation. Beyond his statement that "defendants Richie D. Barnes, Rock haven Community is one," his objections are not germane to the basis of the recommended dismissal. In any event, the court adopts the reasoning and recommendation of the Report: regardless of Barnes' belief as to his commonality of interest with the corporation (based on his ownership of some or all of its shares), the corporation remains a legally distinct entity which cannot appear in court except through counsel.

> A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. In legal matters, it must act, if at all, through licensed attorneys.

*State v. Wells,* 5 S.E.2d 181 (S.C. 1939). *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (stating "well established" rule that corporation is an artificial entity that cannot appear *pro se*, and must be represented by counsel).

For the reasons set forth above and in the Report, which is adopted in full, Plaintiffs' motion for entry of default against Defendant Rock Haven Community Care Home, Inc. is granted. The matter is again referred to the Magistrate Judge for further pretrial proceedings as to the claims against the individual Defendant, Barnes, based on his pro se status.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 25, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\~1739452.wpd