**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

CASSANDRA HARRISON BELK, BEVERLY JEAN HARRISON, CYNTHIA DOLLARD, MARIA MOANEY,

Plaintiffs,

v.

ROCKHAVEN COMMUNITY CARE HOME, INC., AND RICHIE D. BARNES,

Defendants.

Civil Action No. 3:07-54-CMC-BM

**REPORT AND RECOMMENDATION**

This action was filed by the Plaintiff seeking relief under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 et. seq.. Plaintiffs are all former employees of the Defendant Rockhaven Community Care Home, Inc., and allege that they are due unpaid wages and unpaid overtime compensation by the Defendant Rockhaven. Plaintiffs further allege that the Defendant Richie Barnes was at all times material herein the sole and exclusive managing agent of Rockhaven, and that he is therefore personally liable as an "employer" within in the meaning of 29 U.S.C. § 203(d).

The Defendant Rockhaven is in default in this matter; See Order filed July 25, 2007; see also Clerk's Entry of Default (Court Document No. 35); while the Defendant Barnes has filed a pro se answer. Plaintiffs filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P.,





on September 17, 2007, and as Barnes is proceeding pro se, a Roseboro order was entered by the Court on September 18, 2007, advising Barnes of the importance of a motion for summary judgment and of the need for him to file an adequate response. Barnes was specifically advised that if he failed to respond adequately, the Plaintiffs' motion may be granted.

In response, Barnes has filed a document styled "Defendant's motion to dismiss and objection to Court orders." Plaintiffs' motion is now before the Court for disposition.[1]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiffs have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.





**I.**

Plaintiffs were all hourly employees of the Defendant Rockhaven, a residential care giver facility which received most of its revenue from government funds. Plaintiff's Complaint, ¶¶ 10-14; Defendants' Answer, ¶¶ 7-11. Rockhaven is subject to the FLSA. Defendants' Answer, ¶ 9; see also Barnes Deposition, p. 77. The FLSA requires the payment of a minimum wage and of overtime for each hour worked in excess of forty (40) hours per week. 29 U.S.C. §§ 206(a)(1), 207(a)(1). If an employee works in excess of forty (40) hours, the employer must pay overtime at a rate one and one half times the employee's regularly hourly rate for those excess hours. 29 U.S.C. § 207(a)(1).

Plaintiffs all allege that they were paid a flat monthly rate regardless of the time worked, and that they all routinely worked in excess of forty (40) hours per week, time for which they were not compensated. Plaintiffs further allege that an investigation by the U.S. Department of Labor found that Rockhaven had violated the FLSA by failing to pay the proper minimum wage to the Plaintiffs, and by failing to pay overtime for hours worked in excess of forty (40) hours in a work week. Plaintiffs have attached as Exhibit A to their Complaint the findings of the Department of Labor with respect to how much unpaid wages are owed to each of the Plaintiffs by Rockhaven. Plaintiffs further allege, however, that the Department of Labor's computation of unpaid wages is substantially below the amounts actually owed because the Defendant Barnes provided false information and coerced employees to provide false information during the investigation. Finally, Plaintiffs allege that the Department of Labor has administratively closed its files on this investigation and has deferred to the rights of Plaintiffs and other affected employees to bring this action pursuant to 29 U.S.C. § 216(b).





Plaintiffs seek damages from the Defendants for failure to pay minimum wage for hours worked, and for failure to pay overtime compensation for hours worked in excess of forty (40) hours per week, plus attorney's fees and costs. As previously noted, the Defendant Rockhaven has already been found to be in default in this case. Therefore, Plaintiffs are entitled to an entry of judgment against this Defendant.

**II.**

With respect to the Defendant Barnes, Plaintiffs have submitted evidence to show that Barnes is the sole owner of the Defendant Rockhaven, and assert that he should therefore be held liable as an "employer" under the FLSA.

> Under the FLSA, an employer is defined as any person acting directly or indirectly in the interest of an employer in relation to an employee, and includes individuals with managerial responsibilities and substantial control over the terms and conditions of an employee's work. A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, and may be held jointly and severely liable under the FLSA for unpaid wages.

Cubias v. Casa Furniture & Bedding, LLC, et al., No. 06-386, 2007 WL 150973, at *2 (E.D.Va. January 16, 2007) [citations omitted]. See also 29 U.S.C. § 203(d); Falk v. Brennan, 414 U.S. 190, 195 (1973).

Pursuant to the evidence before this Court, Barnes was a corporate officer of the Defendant Rockhaven and by his own admission was responsible for day to day functions including the payment of wages. Barnes describes himself as the "sole proprietor" of Rockhaven, and conceded in his deposition that no other person acts on behalf of Rockhaven. Barnes Deposition, pp. 20-21, 95. Indeed, Barnes has never denied that he is the sole proprietor or shareholder of the Defendant Rockhaven during the course of this litigation. Therefore, the undersigned finds that Barnes is an "employer" as defined in the FLSA and should be held jointly and severely liable for any unpaid wages and overtime owed by the Defendant Rockhaven. Cubias, 2007 WL 150973, at **2-3; see





also Dole v. Elliot Travel, 942 F.2d 962, 965-966 (6th Cir. 1991); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983).

**III.**

Although Plaintiffs were all non-exempt, hourly employees entitled to overtime for any hours worked over forty (40) hours in a given week, Barnes testified that he did not pay Plaintiffs by the hour; rather, he paid them by the day. Barnes Deposition, p. 60. Barnes also did not keep records of how many hours a week Plaintiffs worked. Barnes Deposition, pp. 96-97, 109-110. Plaintiffs allege, and the evidence before the Court shows, that Plaintiffs worked in excess of 40 hours per week, but failed to receive overtime pay for this work. The evidence also reflects that Barnes failed to pay the proper minimum wage to the Plaintiff for non-overtime work. See Exhibit A to Complaint.

In his response to the Plaintiffs' motion for summary judgment, the Defendant Barnes apparently contends that the Plaintiffs were "contract" employees, and are therefore not entitled to relief under the FLSA. If a worker is an independent contractor, the FLSA may not apply. Schultz v. Capital Intern.Sec.,Inc., 466 F.3d 298, 305 (4th Cir. 2006). However, Barnes has provided no evidence, or even any argument, to show that any of the Plaintiffs in this action were independent contractors, nor does the evidence before this Court support such a finding. See Herman v. Mid-Atlantic Installation Servs., 164 F.Supp.2d 667, 671 (D.Md. 2000) [discussing factors to be considered when determining whether an employee is an independent contractor]. The evidence before the Court reflects that Barnes controlled the manner in which Plaintiffs' work was to be performed, that he provided the facility and equipment, and that each of the Plaintiffs had a regular working relationship with Rockhaven. It is also clear that the services rendered by the Plaintiffs were





an integral part of the Defendants' business. In sum, the evidence does not show that any of the named Plaintiffs were independent contractors for purposes of this claim. Id; see also Henderson v. Inter-Chem Coal Co., 41 F.3d 567, 570 (10th Cir. 1994).

**Conclusion**

The Defendant Rockhaven is in default, and Plaintiffs are therefore entitled to entry of judgment against this Defendant. Based on the foregoing, Plaintiffs are also entitled to summary judgment against the Defendant Barnes on their claims, and Barnes should be held jointly and severely liable for any amounts found due and owing. See Smith v. Richard's Restoration, Inc., No. 05-1072, 2006 WL 3898182 at *1 (M.D.Fla. Jan. 8, 2006) ["If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Fed.R.Civ.P."].

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 26, 2007





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



