IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **CASSANDRA HARRISON BELK,** <br> **BEVERLY JEAN HARRISON,** <br> **CYNTHIA DOLLARD,** <br> **MARIA MOANEY,** <br>                 Plaintiffs, <br> v. <br> **ROCK HAVEN COMMUNITY CARE HOME,** <br> **INC., AND RICHIE D. BARNES,** <br>                 Defendants. | C/A No. 3:07-54-CMC-BM <br><br> **OPINION AND ORDER** |

Through this action, Plaintiffs pursue recovery under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et. seq* against their former employer(s) Rockhaven Community Care Home, Inc., ("Rockhaven") and Richie D. Barnes.[1] This matter is before the court for a ruling on Plaintiffs' motion for summary judgment against Barnes filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion seeks only a ruling as to liability, leaving the amount of damages for trial. The claims against Rockhaven have been disposed of by entry of default, that default also being limited to a finding of liability.[2]

Defendant Barnes responded to the motion for summary judgment by filing a document designated as a "motion to dismiss and objections to Court orders." The content of this document suggests that it is intended primarily as a response to the motion for summary judgment. To the extent it may be deemed an independent motion, it is denied for the same reasons which support entry of summary judgment in favor of Plaintiffs.

---

[1] Rockhaven is, in fact, a proprietorship of which Barnes is the sole owner. As Barnes has admitted, he and Rockhaven are "one and the same entity." Both Defendants are, therefore, treated collectively as a single employer for purposes of this order.

[2] Defendant Rockhaven Community Care Home, Inc., ("Rockhaven") was held in default for failure to obtain counsel. *See* Dkt No. 34 & 35. Defendant Barnes is proceeding *pro se*.

In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial proceedings. Judge Marchant has filed a Report and Recommendation ("Report") recommending that Plaintiffs' motion for summary judgment be granted and that Defendants be held jointly and severally liable for any amounts which may be found due and owing. The Magistrate Judge advised the parties of their right to file objections to the Report and Recommendation and the serious consequences if no objections were filed. No objections have been filed and the time for doing so has expired. For the reasons set forth below, the court adopts the Report.

This court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the complaint, the motion and response, the complete record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. The court, therefore, denies Defendant Barnes' motion to dismiss and grants Plaintiffs' motion for summary judgment against Defendant Barnes who is found to be jointly and severally liable for amounts which may be found due. This matter shall be set for trial pursuant to the schedule set forth below.

**PRE-TRIAL SCHEDULE**

The parties shall appear before Judge Marchant on **December 18, 2007 at 9:45 a.m.** for purposes of establishing a pretrial schedule culminating in trial during the **February** term of court. Jury selection for that term shall occur on **February 22, 2008.** Trial shall be scheduled to begin

between February 22, 2008 and March 26, 2008.

    IT IS SO ORDERED.

                                      s/ Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 27, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\07-54 Belk v Rock Haven - R&R adopted - SJ granted as to liability.wpd

3