IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cassandra Harrison-Belk, Beverly Jean Harrison, and Laniee Marie Moaney,  Plaintiffs,  v.  Rockhaven Community Care Home, Inc. and Richie Barnes,  Defendants. | C/A No. 3:07-54-CMC  **OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL AND DEFENDANT BARNES' MOTION TO ALTER AND AMEND JUDGMENT** |

This matter is before the court on Plaintiffs' motion for new trial filed pursuant to Rule 59 of the Federal Rules of Civil Procedure and on Defendant Barnes' motion to alter or amend the judgment pursuant to Rules 59 and 60(b) of the Federal Rules of Civil Procedure. For the reasons stated below, both motions are **denied.**

### BACKGROUND

This case came before the court on March 13 and 14, 2008, for jury trial on the issue of damages. Defendants' liability for violation of the Fair Labor Standards Act ("FLSA") was previously determined through entry of default against Defendant Rockhaven Community Care Home, Inc. ("Rockhaven") and entry of partial summary judgment against Defendant Richie D. Barnes ("Barnes").

Trial proceeded as to as to the damages claims of Cassandra Harrison-Belk, Beverly Jean Harrison, and Tanquonya Moaney (collectively "Plaintiffs").[1] It was undisputed that each Plaintiff worked multiday "shifts." While the number of days per shift varied, each Plaintiff claimed that she was continuously on duty, working twenty-four hours of each day during her shift. Plaintiffs further claimed that they had no agreement with Defendants to exclude any of those hours from time worked.

At the conclusion of trial, the jury was asked to determine (1) whether Defendant Barnes willfully violated the FLSA and (2) the number of hours worked by each Plaintiff. The parties agreed that these two factual determinations would enable the court to calculate the amount of unpaid wages due to each individual as a result of Defendants' FLSA violations.

The jury returned its verdict on March 14, 2008, in the form of answers to special interrogatories. First, the jury found that Barnes' violation of the FLSA was willful. The remainder of the special interrogatories were answered by specifying the number of hours worked by each Plaintiff during each week of her employment.

Following return of the verdict, the court calculated the overtime wages due each Plaintiff. The court found that Plaintiff Harrison-Belk was due $2,003.63 in unpaid wages, Plaintiff Moaney was due $607.95 in unpaid wages, and Plaintiff Belk was due no unpaid wages. Because the jury determined that the violation of the FLSA was willful, the court doubled the liquidated damages for each Plaintiff.

---

[1] Plaintiff Laniee Marie Moaney passed away on July 22, 2007. Dkt. No. 89-1 at 1. Her daughter, Tanquonya Moaney, became Special Administrator of the estate and was substituted as party plaintiff. Dkt. No. 91. Plaintiff Cynthia Dollard indicated through counsel at trial that she did not want to pursue her case further and was dismissed as a party with prejudice. Dkt. No. 106.

## I.  PLAINTIFFS' MOTION FOR A NEW TRIAL

### STANDARD

A trial court may only grant a new trial under three specific conditions: the verdict (1) "is against the clear weight of the evidence; (2) is based on evidence which is false; or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict."  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 650 (4th Cir. 2002) (citing *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)).  The court may weigh the evidence and consider the credibility of witnesses in deciding a motion for a new trial.  *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (citing *Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989)).

### DISCUSSION

Plaintiffs assert that they are entitled to a new trial on three grounds: (1) the jury's verdict is against the clear weight of the evidence because it amounts to a finding that each Plaintiff should have been compensated for only fourteen hours of work per twenty-four hour work day; (2) the jury has substituted its judgment instead of following the law as instructed by the court in determining the number of hours to be paid for a twenty-four hour work day; and (3) the jury's verdict results in a miscarriage of justice because the amount of unpaid wages awarded is less than the amount calculated by the U.S. Department of Labor in its prior investigation. *See* Dkt. No. 118-2 at 4-6.

Juries are presumed to follow the court's instructions in rendering their verdicts. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).  At trial, the court instructed the jurors about their duty to follow the law and apply it as explained to them, without regard to their agreement or disagreement with it.  Dkt. No. 107 at 2.  The court also instructed the jury that Plaintiffs bore "the

burden of proving the hours worked and the question of willfulness by a preponderance of the evidence." Dkt. No. 107 at 3. Regarding the FLSA, the court instructed that an employer and employee may agree, expressly or implicitly, to exclude meal periods and up to eight hours of time for sleep from the hours worked during a shift of twenty-four hours or more. *See id.* at 11-12.

In their first and second arguments, Plaintiffs assert that there was no evidence of any agreement to exclude sleep or meal periods.[2] Dkt. No. 118-2 at 5. While Plaintiffs testified that they had no *express* agreement with Barnes to exclude time allocated for meals or sleep from time worked, the jury could have determined that the parties had an *implied* agreement to exclude such time based on the rate at which Plaintiffs agreed to be paid and the parties' mutual understanding of Plaintiffs' job responsibilities and periods of freedom from job-related duties during the day. Furthermore, Barnes testified that Plaintiffs understood that they had several periods of free time during the day in which they could complete personal business like running errands or entertaining guests. Harrison-Belk testified that she frequently hosted friends and family members at Rockhaven, corroborating Barnes' testimony. This testimony, if accepted by the jury, supports the calculation of hours worked in the verdict.

Plaintiffs further argue that the jury's verdict was against the clear weight of the evidence because the jury necessarily excluded sleep time despite Plaintiffs' testimony that their sleep periods were interrupted when they were called upon to tend to Rockhaven residents. Dkt. No. 118-2 at 5. Plaintiffs did offer some testimony regarding events that required them to respond to the needs of residents during the night. However, the jury was not required to accept this evidence as true. It may

---

[2] This argument is premised on the assumption that the jury excluded eight hours for sleep and two hours for meal time from the twenty-four hour shift to arrive at the calculation that Plaintiffs worked fourteen hours per day.

4

either have rejected Plaintiffs' testimony as not credible, or found it insufficiently specific to support a finding in Plaintiffs' favor.

In their third argument, Plaintiffs assert that the Department of Labor's previous calculation of higher unpaid wages demonstrates the verdict is unjust. Dkt. No.118-2 at 6. However, the Department of Labor's summary of unpaid wages was not before the jury. *Id.* Regardless, it is not relevant to the jury's determination, as the jury's findings were based exclusively on the evidence presented at trial.

Therefore, based on these considerations and the court's own evaluation of the weight of the evidence, the court cannot conclude that the jury's findings of hours worked by each Plaintiff and the resulting damages awards were against the clear weight of the evidence. Neither does the court believe the verdict results in a miscarriage of justice.

## II. DEFENDANT BARNES' MOTION TO ALTER AND AMEND JUDGMENT

### STANDARD

A court may alter or amend its prior judgment on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or manifest injustice." *Pacific Ins. Co. v. Am. Nat't Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### DISCUSSION

Barnes argues first that the verdict in favor of Laniee Marie Moaney should be stricken because "counsel had dismissed her from the case." Dkt. No. 119-1 at 1. However, as addressed

above, Moaney's daughter was substituted for her and served as party representative in the case, so Moaney's claims were properly before the jury. *See supra*, footnote 1.

Second, Barnes makes the vague argument that "[t]he court should reduce the verdict for the other plaintiff to $600.00." Dkt. No. 119-1 at1. No basis is given for this assertion. Nor can the court discern who "the other plaintiff" is. Furthermore, as discussed above, the court has found that the evidence presented at trial was sufficient to support the whole of the jury's verdict.

The court agrees with Barnes' third argument, and in the discussion in Part I above denies Plaintiffs' motion for new trial.

Barnes next argues that the court should not grant any attorney's fees because two of the plaintiffs were dismissed. Even if it were true that two Plaintiffs had been dismissed, which it is not, *see supra* footnote 1, Plaintiffs have not yet sought attorney's fees. Therefore, Barnes' argument is premature.

Fifth, Barnes argues that "the court should strike any of the statem[en]t by the labor b[oar]d." Because no statements or documents from the labor board were presented to the jury at trial, there is and was nothing in the record for the court to strike.

Finally, Barnes asserts that Plaintiffs bore the burden of proof by a preponderance of the evidence. The jury received an instruction explaining this burden of proof at trial. Dkt. No. 107 at 3. Thus, Barnes' final argument is not a basis for a motion to alter or amend the judgment.

## CONCLUSION

Having carefully considered the arguments of the parties and the materials offered in support of and opposition to the parties' motions, the court finds no grounds sufficient to support

granting a new trial or altering or amending the judgment.  Therefore, Plaintiffs' motion for new trial and Barnes' motion to alter or amend the judgment are denied.

Plaintiffs are directed to file a proposed calculation of post-judgment and prejudgment interest within fifteen days.  Barnes shall provide any objection to the calculation of interest within five days of Plaintiffs' filing.  Thereafter, the Clerk will enter judgment.

IT IS SO ORDERED.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 6, 2008