IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cassandra Harrison-Belk, Beverly Jean Harrison, and Laniee Marie Moaney, | C/A No. 3:07-54-CMC |
| Plaintiffs, | **OPINION AND ORDER GRANTING MOTION FOR PRE- AND POSTJUDGMENT INTEREST** |
| v. | |
| Rockhaven Community Care Home, Inc. and Richie Barnes, | |
| Defendants. | |

This matter is before the court on Plaintiffs' motion for an award of prejudgment and postjudgment interest. For purposes of resolving this motion the court will presume that Defendant Richie Barnes' filing, "Objection to Cost," Dkt. No. 132, responds to Plaintiffs' motion for attorney's fees. The court has carefully reviewed Defendant's arguments and finds each to be without merit. For the reasons stated below, the motion is **granted**.

### PREJUDGMENT INTEREST

In the absence of a statutory mandate, the award of prejudgment interest is discretionary with the court. *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1030-31 (4th Cir. 1993) (*en banc*). The jury found Defendant Barnes' violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, to be willful. Furthermore, given that the nature of damages was nonpayment of wages in addition to Defendant's willfulness, the court concludes that prejudgment interest is appropriate in this case.

Plaintiffs request that prejudgment interest be calculated at the judgment rate set by South Carolina law, which is 8.75% annually. S.C. Code Ann. § 34-31-20. The court agrees that this is a reasonable rate and awards prejudgment interest at 8.75% per year.

Prejudgment interest will be calculated based on the full amount awarded with accrual from the last day of the three-year period during which Plaintiffs were entitled to payment for back wages and is chosen due to the difficulty of calculating prejudgment interest on a weekly basis. Accrual of prejudgment interest will continue through the date of entry of judgment in this matter.

## POSTJUDGMENT INTEREST

Plaintiffs are entitled to postjudgment interest as mandated by statute. 28 U.S.C. § 1961. The interest rate will be calculated from the date of entry of judgment using the statutory rate for the week preceding the date of judgment. *Id.* at § 1961(a). Interest shall accrue on the entire judgment, including prejudgment interest, *Quesinberry*, 987 F.2d at 1031, and attorney's fees, Local Civil Rule 54.02(B), S.C.D.

## CONCLUSION

For the foregoing reasons, the court awards prejudgment interest to each Plaintiff at the annual rate of 8.75% from January 8, 2007, until the entry of judgment, and awards postjudgment interest on the total judgment amount until such time as fully paid at the average weekly interest rate in effect in the week preceding the entry of judgment.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 29, 2008

2