IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cassandra Harrison-Belk, ) | |
| Beverly Jean Harrison, ) | C/A No. 3:07-54-CMC |
| and Tanquonya Moaney as Special Administratrix ) | |
| for the Estate of Laniee Marie Moaney, ) | **AMENDED** |
| ) | **OPINION AND ORDER** |
| ) | **GRANTING MOTION FOR** |
| Plaintiffs, ) | **ATTORNEY'S FEES** |
| ) | **AND COSTS** |
| v. ) | |
| ) | |
| Rockhaven Community Care ) | |
| Home, Inc. and Richie Barnes, ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiffs' motion for attorney's fees and costs filed pursuant to Rule 54 of the Federal Rules of Civil Procedure.[1] For the reasons stated below, the motion is **granted in part.** This court hereby orders Defendants Rockhaven Community Care Home, Inc. and Richie Barnes to pay Plaintiffs' reasonable attorney's fees and costs in the collective amount of $23,918.30.

**BACKGROUND**

On January 5, 2007, Plaintiffs initiated this lawsuit for payment of unpaid wages, unpaid overtime compensation, liquidated damages, attorney's fees, and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Defendant Richie B. Barnes (Barnes) proceeded *pro*

---

[1] This amended motion reflects the correction of the caption to include the substitution of Tanquonya Moaney as Special Administratrix of the Estate of Laniee Marie Moaney. *See* Dkt. No. 81.

*se* through trial. Defendant Rockhaven Community Care Home (Rockhaven), a corporation, also sought to proceed without counsel, resulting in default judgment against Rockhaven. Dkt. No. 35.

Plaintiffs moved for summary judgment against Barnes on the issue of liability. Dkt. No. 39. The court adopted the Magistrate Judge's Report and Recommendation, Dkt. No. 49, and granted Plaintiffs' motion. Dkt. No. 54. The remaining issues of whether Defendant Barnes willfully violated the FLSA and the amount of unpaid wages due were tried before a jury on March 13 and 14, 2008.

The jury returned its verdict in the form of answers to special interrogatories. Dkt. No. 108. The jury found that Barnes' violation of the FLSA was willful and responded to the remaining interrogatories by providing the number of hours worked by each Plaintiff. By agreement of the parties, the court calculated the amount of unpaid wages due to each Plaintiff using the number of hours provided by the jury and the amounts Defendants had already paid Plaintiffs, as stipulated by the parties. The resulting amounts due were doubled because of Barnes' willful violation under the FLSA liquidated damages requirement.

Plaintiffs now move for attorney's fees in the amount of $31,660 and costs in the amount of $1,494.30. Barnes has responded, objecting to any award of attorney's fees. Dkt. No. 134.

**DISCUSSION**

The FLSA mandates reasonable attorney's fees for a prevailing plaintiff. 29 U.S.C. § 261(b). The fee award is guided by *Barber v. Kimbrells, Inc.*, 577 F.2d 216 (4th Cir. 1978) (superceded by statute with respect to the Truth In Lending Act), which describes the "lodestar" approach to fee setting. The lodestar figure, determined by multiplying reasonable hourly rates by the reasonable number of hours involved, is generally considered to be the proper starting point for determining a

2

statutory award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "reasonableness" of the lodestar figure is then tested against the following twelve factors from *Barber*: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the expertise, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fee awards in similar cases. 577 F.2d at 226.

Although Barnes asserts that Plaintiffs have failed to meet the requirements of the twelve-factor test, he provides no discussion or elaboration as to why he believes this is so. Dkt. No. 134 at 1. The court, nonetheless, considered the factors as described below. The court has reviewed Barnes' remaining arguments in opposition to an award of attorney's fees and finds them to be without merit.

*BARBER* FACTORS.

(1) <u>Time and Labor Expended</u>. Moving counsel has submitted a detailed accounting of time he and his paralegal have spent on this case. Upon review of these records, the court finds one instance in which a reduction in the number of hours indicated is necessary to achieve a reasonable result. Counsel submits that he spent 3.5 hours on January 30, 2008, researching and drafting Plaintiffs' motion in limine, after his paralegal spent .8 hours preparing an initial draft on January 28, 2008. Dkt. No. 125-3, Ex. A at 5. The court believes that this time is excessive for a

3

straightforward motion in which no legal research was necessary. Accordingly, the court reduces counsel's time to one hour for counsel's preparation of this motion but allows the paralegal's time to remain unchanged. Otherwise, it appears from review of the time records that Plaintiffs' counsel devoted no more time than was necessary to prepare for trial and to prepare post-trial motions.

(2) Novelty and Difficulty of Questions Raised. Plaintiffs' counsel asserts that special regulations related to employees who are on duty for shifts in excess of twenty-four hours presented a complex issue of law. Plaintiffs' counsel also asserts that Rockhaven's default and Barnes' *pro se* representation complicated the legal issues in the case. While the court declines to determine whether those issues actually rise to the level of novel or difficult questions of law, the court finds that Plaintiffs' counsel spent a reasonable amount of time completing tasks necessary for the prosecution of Plaintiffs' case, including researching the particular issues counsel identified as complex.

(3) Skill Required to Perform Legal Services Rendered. The court acknowledges that employment and labor cases, including those involving the FLSA, are often handled by attorneys with special experience in the field. Plaintiffs' counsel is certified by the South Carolina Supreme Court as a specialist in employment and labor law and has practiced exclusively in the field of employment and labor law throughout his career. Dkt. No. 125-3 at 1. He has extensive experience working with reputable firms in the field of labor and employment law. *Id.* at 2.

(4) Attorney's Opportunity Costs. Plaintiffs' counsel does not contend that this factor is relevant to this fee petition.

(5) Customary Fee for Like Work. This factor allows the court to consider "various information, including 'affidavits reciting the precise fees that counsel with similar qualifications

have received in comparable cases; information concerning recent awards by courts in comparable cases; and specific evidence of counsel's actual billing practices or other evidence of actual rates which counsel can command in the market.'" *Trimper v. City of Norfolk*, 846 F. Supp. 1295, 1305 (E.D. Va. 1994) (quoting *Bluffington v. Baltimore County*, 913 F.2d 113, 130 (4th Cir. 1990)); *Liberty Mut. Ins. Co. V. Employee Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 535 (D.S.C. 2001). Plaintiffs' counsel submitted an affidavit outlining the fees he charges his hourly clients. Dkt. No. 125-3 at 3. Counsel also directs the court to *Self v. Dennis*, another FLSA case in which this court found that an hourly fee of $290.00 fee was reasonable. CA No. 3:06-01123-JFA, 10 (D.S.C. March 14, 2007). Based on the support provided, the court concludes $290.00 per hour is reasonable for Plaintiffs' attorney and $95.00 per hour is a reasonable rate for the paralegal's time. Both rates are consistent with the rates this attorney charges his hourly clients. *See* Dkt. No. 125-2 at 3.

(6) <u>Attorney's Expectations at the Outset</u>. Plaintiffs' counsel expected to receive an award of attorney's fees under the FLSA if Plaintiffs prevailed in their suit. Dkt. No. 125-2 at 6. Counsel does not assert that any other expectations are at issue in this fee petition.

(7) <u>Time Limitations</u>. Plaintiffs' counsel does not contend that any time limitations, other than accepting this case on a contingency basis when billable work was available, are relevant to this fee petition. Dkt. No. 125 at 6.

(8) <u>Amount in Controversy and Results Obtained</u>. Plaintiffs' counsel achieved a favorable result for his clients, including findings that Defendants violated the FLSA and that Barnes' violation was willful. He also secured a monetary award for back pay for Plaintiffs Harrison and Moaney. However, the degree of Counsel's success was limited. Plaintiffs sought $55,212.00 in back wages. Dkt. No. 82 at 4. Based on the jury's verdict, the court awarded Plaintiff Harrison $2003.63 in back

5

wages, Plaintiff Moaney $607.95 in back wages, and Plaintiff Belk no back wages. Those amounts were doubled to comply with the liquidated damages provision of the FLSA, resulting in a total award of $5223.16 to two of the three Plaintiffs whose claims proceeded to conclusion at trial. Thus, Plaintiffs' counsel achieved an award of slightly less than 10% of the total amount his clients sought in back pay from Defendants.

Limited success does not preclude a substantial award of fees because a significant amount of attorney time and effort must go into prosecuting a case of this nature to achieve any level of success and because this case involves an important area of employment law. If the court does not award adequate fees for successful outcomes in cases of this nature, even where recovery is relatively small, plaintiffs and counsel may be reluctant to bring suit at all. *See Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-29 (7th Cir. 1972) (analyzing a fee petition under the Equal Pay Act and noting "[t]o hold otherwise would in reality prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public in having equal pay for equal work. Employees exercising their rights under the Equal Pay Act are benefitting not only themselves but also the general public as well."). As explained in *Singer v. City of Waco*, "[w]hile a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." 324 F.3d 813, 830 (5th Cir. 2003) (quoting *Hollowell v. Orleans Reg'l. Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000)).

Because the amounts awarded to Plaintiffs were significantly less than both the amount of back wages and the fees sought by counsel, the court has determined that a downward adjustment is necessary to produce a reasonable result:

> "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained."

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (superceded by statute with respect to attorney's fee awards under the PLRA). Balancing the amount of work necessary to achieve any positive results for Plaintiffs with the actual success attained by Plaintiffs, the court finds it necessary to reduce the requested fee by a third. Plaintiffs sought $34,361.00 in attorney's fees, which this court has already reduced to $33,636 because of the 2.5 hour reduction of counsel's time indicated in the discussion of the second factor. Taking a further one-third reduction to compensate for the limited nature of Plaintiffs' success results in a fee award of $22,424.

(9) <u>Expertise, Reputation, Ability of Attorney</u>. As noted in the discussion of the third factor, Plaintiffs' counsel is a certified specialist in the field of labor and employment law. He has worked in both Atlanta, Georgia, and Columbia, South Carolina, with the firm of Constangy, Brooks & Smith, LLC, one of the oldest employment and labor law firms in the country. Dkt. 125-3 at 2. His career has also included starting two law firms and being associated with two other firms in an of counsel relationship, throughout which time he has practiced in the field of labor and employment law. *Id.* Counsel's experience supports the rates awarded in this Order.

(10) <u>Undesirability of Case in Legal Community</u>. Plaintiffs' counsel asserts that without the statutory mandate of attorney's fees, cases in which the value of the work performed by the attorney exceeds the value of the unpaid wages in issue would be undesirable. Dkt. 125-2 at 8. The court has

considered this factor both in determining the rate to be allowed and the number of hours to be compensated.

(11) <u>Nature and Length of Relationship Between Client and Attorney</u>.  Plaintiffs' counsel does not contend that this factor is relevant in the present fee petition.

(12) <u>Awards in Similar Cases</u>.  Plaintiffs' counsel has been unable to identify any comparable cases.

## COSTS

Plaintiffs' counsel has submitted thorough accounting records to support his request for costs for payment of filing and docket fees, deposition charges, trial expenses, postage, long distance charges, copy costs, and research fees in the amount of $1494.30.  Dkt. No. 125-3, Ex. A.  Costs and expenses recoverable under statutes providing for attorneys' fees and reasonable expenses are those reasonable and necessary out-of-pocket expenses that attorneys normally pass on to their clients such as for duplicating fees and attorney travel expenses.  *Daly v. Hill,* 790 F.2d 1071, 1083-84 & n. 18 (4th Cir. 1986).  The costs sought by Plaintiffs are the type of reasonable and necessary out-of-pocket expenses normally passed on to clients and, therefore, are subject to recovery as an expense under a fee shifting statute.  The court awards Plaintiffs the full $1494.30 requested.

## CONCLUSION

For the foregoing reasons, the court will order Defendants to pay Plaintiffs' reasonable attorney's fees of $22,424**,** plus costs of $1494.30, for a total of $23,918.30.  This amount shall be included in the judgment and shall draw postjudgment interest as set forth in the court's order on pre- and postjudgment interest entered on this same date.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 31, 2008